Order Entered.

L. Edward Friend, II
United States Bankruptcy Judge
Dated: Friday, February 17, 2006 2:08:49 PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE § | | |
| § | | |
| RESTAURANT ASSOCIATES, LLC, § | BK NO. 04-2404 | |
| § | | |
| Debtor(s). § | | |
| § | | |
| ANTHONY J. MANUCSO and § | | |
| ALICE D. MANCUSO, § | | |
| § | | |
| Plaintiff(s), § | | |
| v. § | AP NO. 05-175 | |
| § | | |
| THE MEADOWBROOK MALL COMPANY § | | |
| LIMITED PARTNERSHIP, et al., § | | |
| § | | |
| Defendant(s). § | | |

**O R D E R**

On March 26, 2004, pursuant to notice, this Court entered an order authorizing the sale of the Bridgeport assets of the Debtor, Restaurant Associates, LLC and Bridgeport Restaurant, LLC, free and clear of liens, claims and encumbrances to Anthony J. Mancuso and Alice D. Mancuso ("Mancusos").

The Debtor then deeded the property on April 2, 2004, after which they demolished the building on the premises. On November 1, 2004, the Mancusos received a letter from Meadowbrook Mall Company informing them that they were in violation of the covenants and restrictions relating to the parcel of land.

In the deed from Meadowbrook to the Debtor, Page 4, Paragraph 2 contains the following

provision:

> Grantee for itself and its grantees, successors and assigns, hereby covenants and agrees to observe, satisfy and be bound by all the terms, covenants, conditions and restrictions contained in the Real Estate Sale Agreement between Grantor and Grantee, dated January 22, 1987, which is incorporated herein by reference and made a part hereof as if fully rewritten at length.

West Virginia law does not require that the restrictions be placed of record. All that is necessary is that the notice be given of the restrictions. For example, West Virginia Code § 40-1-8 provides that a memorandum of the actual lease may be recorded. As set forth above in the deed to the Debtor, notice was given that there were restrictions on the use of the property and these restrictions were set forth in two documents entitled "Criteria for Outparcels" and "Real Estate Sale Agreement" between Grantor and Grantee dated January 22, 1987. The West Virginia Supreme Court has recognized that buyers are subject to the notice in In re Williams, 213 W.Va. 780, 584 SE2d 922 (W.Va. July 2003).

The Court order reflecting the sale of the property provided that the sale was free and clear of all liens, the liens to attach to the proceeds of sale. There was no language in the order relating to the restrictive covenants. Furthermore, the Meadowbrook Mall was not provided notice of the proposed sale. Accordingly, even if the Court were able to effectuate a sale under § 363(f), it would not be binding on Meadowbrook Mall as they had no notice.

The unrecorded restrictive covenants are a part of the real estate and follow it throughout subsequent purchases. The covenants inure to the benefit of both parties and are consistent with competition within a mall area. The property may not be used in violation of the covenants.

Paragraph 17 of the Real Estate Purchase Agreement provides as follows:

2

17.   In the event the improvements on Parcel No. 45 are substantially damaged or destroyed by fire, casualty or any other cause, and such substantial damage or destruction prevents Purchaser from using the Property as herein contemplated or renders the improvements thereon unsightly, Purchaser shall promptly restore and rebuild the same with diligence and continuity to the condition of such improvements immediately preceeding [sic] such occurrence. In the event Purchaser (a) fails to commence the restoration of the Property within one (1) year from such occurrence, or (b) fails to complete such restoration within one (1) year and six (6) months from the date of such occurrence, Seller shall have the right, but not the obligation, to acquire the property from Purchaser for the Purchase Price set forth in Clause 2 hereof. Seller shall exercise this right by notifying Purchaser of its intention to so acquire the Property within ninety (90) days after the expiration of either such events. The closing of such re-acquisition by Seller shall take place within thirty (30) days after the date Seller notifies Purchaser of its desire to acquire the Property

This section contemplates the destruction of the property from fire or other cause. In this case, the Plaintiffs, obviously unaware of the restrictions, demolished the building anticipating the construction of a new business. However, the restrictions on the property limit the type of business the Plaintiffs can conduct. There is a factual issue as to whether the amount the Plaintiffs paid for the parcel is the fair market value of the property (assuming that the Plaintiffs purchased the property not knowing of the restrictions and intending to begin a different business on the premises.)

The Court finds that after almost 20 years, the price set forth in Clause 2 of the Real Estate Purchase Agreement has no relationship to value of the real estate at the present time. If the Plaintiffs do not rebuild a business in accordance with the covenants within a year and six months from the date of this order, Meadowbrook Mall shall have the option to repurchase the property at a price as set forth in Paragraph 13 of the Real Estate Sale Agreement.[1]

---

[1] The portion of Paragraph 13 that pertains to ascertaining the fair market value of the property - numerical average of (3) appraisals by MAI designated appraisers, one nominated by each party and the third selected by the two nominated appraisers.

3

It is accordingly **SO ORDERED**.

The Clerk is directed to transmit copies of this Order to the parties in interest.

4